UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL ALBERTO DE JESUS
MARQUEZ SILVA,

        Petitioner,

    v.                           Case No.:  2:26-cv-00373-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

        Respondents,

                                      /

## OPINION AND ORDER

Before the Court is Daniel Alberto de Jesus Marquez Silva's Petition for Writ of Habeas Corpus (Doc. 1). The government did not respond.  For the below reasons, the Court grants the petition.

Marquez Silva is a native and citizen of Venezuela who entered the United States on September 27, 2021.  The Department of Homeland Security apprehended him and issued a notice to appear.  The next day, a Border Patrol agent issued a Notice of Custody Determination, which states that Marquez Silva will be released on his own recognizance "pending a final administrative determination in [his] case." (Doc. 1-4).  Marquez Silva applied for asylum and withholding of removal and was granted temporary protected status ("TPS").  On December 15, 2025, local police arrested him for a minor traffic violation and handed him over to Immigration and Customs Enforcement ("ICE").  He

remains detained at Glades County Detention Center. His removal and asylum proceeding remains pending.

Marquez Silva claims his detention violates the Immigration and Nationality Act ("INA"), the Administrative Procedures Act, and the Fifth Amendment. The Court served the petition on the local U.S. Attorney's Office and the Attorney General, but the respondents have not appeared to provide the reason for Marquez Silva's detention.

Three sections of the INA authorize the detention of noncitizens. There are exceptions to each, but broadly speaking, § 1225 requires the detention of arriving noncitizens arrested at the border or a port of entry, § 1226 authorizes discretionary detention of noncitizens pending a removal decision, and § 1231 requires the detention of noncitizens after they are ordered removed. Sections 1225 and 1231 do not apply here because Marquez Silva was arrested years after he entered the country, and he has not been ordered removed. Thus, § 1226 is the only section of the INA that could authorize his detention.

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court would normally order the respondents to bring Marquez Silva before an immigration

judge for a bond hearing, but that is not necessary here.  DHS already issued a custody determination—it found Marquez Silva would be released on his own recognizance pending a final administrative determination of his case.  (Doc. 1-4).  The respondents provide no justification for revoking that custody determination.  Marquez Silva is entitled to immediate release.

Accordingly, it is hereby

**ORDERED**:

Daniel Alberto de Jesus Marquez Silva's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)    The respondents shall release Marquez Silva within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

3